IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:22-cv-1374 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESTATE OF GUSTAV SLOBODA, deceased; | ) | |
| INGRID CASLER as personal representative | ) | |
| and Executrix for the ESTATE OF GUSTAV | ) | |
| SLOBODA, deceased; | ) | |
| WOODVILLE INVESTMENTS, LTD. f/k/a | ) | |
| SLOBODA FAMILY LIMITED | ) | |
| PARTNERSHIP; | ) | |
| GS RENTALS, LTD. f/k/a GUSTAV | ) | |
| SLOBODA LIMITED PARNTERSHIP; and | ) | |
| RICHLAND COUNTY AUDITOR, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The plaintiff United States of America, at the direction of a delegate of the Attorney

General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26

U.S.C. §§ 7401, 7402, 7403, and 7404, brings this civil action to (1) reduce to judgment unpaid

federal estate tax liabilities assessed against the Estate of Gustav Sloboda, and (2) to enforce the

federal estate tax lien under 26 U.S.C. § 6324A (for the Sloboda Estate Tax that the defendant

Estate of Gustav Sloboda deferred under 26 U.S.C. § 6166) against certain real properties located

in Richland County, Ohio.  For its complaint, the United States alleges as follows:

**Jurisdiction and Parties**

1.      The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a), 7403, and

7404 and 28 U.S.C. §§ 1331, 1340, and 1345 (jurisdiction over civil actions regarding federal

question, enforcement of the Internal Revenue Code (Title 26 U.S.C.), and where the United

States is the plaintiff).

2.      Gustav Sloboda, also known as Gus Sloboda, died testate on November 11, 2001.

3.      Gustav Sloboda's estate, acting through executor Ingrid Casler, filed a federal estate tax return (Form 706, the "Return"), on or before August 12, 2002.

4.      The Return self-reported an estate tax liability of $328,910.00 ("Sloboda Estate Tax").  The estate paid $55,980.48 towards the Sloboda Estate Tax with the Return.  On September 16, 2002, the IRS assessed the Sloboda Estate Tax.

5.      The IRS then audited the Return, and on March 21, 2005, assessed an additional Sloboda Estate Tax liability of $23,222.00.

6.      The Estate of Gustav Sloboda is named as a defendant because this is an action to collect the outstanding Sloboda Estate Tax liability by enforcing a lien that the Estate voluntarily gave to the United States, along with the consent of Woodville Investments, Ltd. (formerly known as the Sloboda Family Limited Partnership) and/or GS Rentals, Ltd. (formerly known as the Gustav Sloboda Limited Partnership Ltd).

7.      Ingrid Casler is the daughter of the decedent, Gustav Sloboda, and is the executor of the Estate.  Pursuant to 26 U.S.C. § 7403(b), she is named as a defendant in her capacity as Executor of the Estate, and because as set forth more fully herein, she is in control of Woodville Investments, Ltd. f/k/a Sloboda Family Limited Partnership and GS Rentals, Ltd. f/k/a Gustav Sloboda Limited Partnership, because title to the subject real properties is currently held by one or more of the aforementioned entities.  In her capacity as the controlling partner and/or member of both Woodville Investments, Ltd. f/k/a Sloboda Family Limited Partnership and GS Rentals, Ltd. f/k/a Gustav Sloboda Limited Partnership, she granted a lien to the United States.  She thus may claim an interest in the real properties against which the United States seeks to enforce its lien.  The defendant Ingrid Casler resides in Mansfield, Ohio.

8.      The defendant Woodville Investments, Ltd. f/k/a Sloboda Family Limited

2

Partnership is named as a party pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the real properties against which the United States seeks to enforce its lien.  Woodville Investments, Ltd. f/k/a Sloboda Family Limited Partnership is registered as a Limited Partnership with the Ohio Secretary of State, and has an address registered with the Secretary in Mansfield, Ohio.

9.      The defendant GS Rentals, Ltd., f/k/a Gustav Sloboda Limited Partnership is named as a party pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the real properties against which the United States seeks to enforce its lien.  GS Rentals, Ltd., is registered as a Limited Partnership with the Ohio Secretary of State, and has an address registered with the Secretary in Mansfield, Ohio.

10.     The defendant Richland County Auditor, State of Ohio, is a governmental unit subject to this Court's jurisdiction and is named as a party because, as the local taxing authority, it may have now or in the future a lien or claim an interest in the subject properties described below, and service of process will place it on notice of this Court's exclusive jurisdiction over the subject properties pursuant to 26 U.S.C. § 7403 such that any local tax liens that have priority over Federal Tax Liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority, but that the subject properties may not be sold under other administrative or judicial procedures during the pendency of this action.

### The Sloboda Entities and the Richland County Probate Proceedings

11.     The Sloboda Family Limited Partnership was registered with the Ohio Secretary of State on December 21, 1995, through a Report of Use of Fictitious Name, and created by an agreement of limited partnership dated December 27, 1995.

12.     The Report of Use of Fictitious Name for the Sloboda Family Limited Partnership listed Gustav Sloboda and Ingrid Casler as the general partners.

3

13.     The agreement of limited partnership for the Sloboda Family Limited Partnership listed Gustav Sloboda and Ingrid Casler as the general partners.

14.     On March 11, 1998, the Sloboda Family Limited Partnership was amended to be renamed Sloboda Woodville, Ltd.

15.     On March 8, 1999, Sloboda Woodville, Ltd. was amended to be renamed Woodville Investments, Ltd.

16.     The Gustav Sloboda Limited Partnership was created by a certificate of limited partnership dated November 20, 1997, and was recorded by the Ohio Secretary of State on December 8, 1997.

17.     The Certificate of Partnership listed Gustav Sloboda and Ingrid Casler as the general partners.

18.     Upon the creation of the Gustav Sloboda Limited Partnership, Gustav Sloboda was the managing partner of the partnership and the agent of the partnership for service of process.

19.     Upon the creation of the Gustav Sloboda Limited Partnership, Gustav Sloboda was also a limited partner of the partnership.

20.     On or about March 4, 1999, the Gustav Sloboda Limited Partnership (referred to in paragraphs 16-19 above) was renamed to GS Rentals, Ltd.

21.     Gustav Sloboda Investments, Ltd., a limited liability company, was created by articles of organization dated November 20, 1997, and was recorded by the Ohio Secretary of State on December 8, 1997.

22.     Gustav Sloboda and Ingrid Casler were the members of Gustav Sloboda Investments, Ltd.

23.     On December 13, 2000,   Gustav Sloboda Investments, Ltd. became the general

4

and managing partner of GS Rentals, Ltd. f/k/a the Gustav Sloboda Limited Partnership, with a

five percent partnership interest attributable to being the general partner.  Gustav Sloboda

remained the agent for service of process and a limited partner.

24.     On September 20, 1991, Gustav Sloboda executed a last will and testament,

which he amended via codicils executed on June 30, 1994; June 17, 1998; and November 1,

2000.  The last of these codicils named his daughter, Ingrid Casler, as his personal

representative.

25.     On September 20, 1991, the Gustav Sloboda Revocable Living Trust was formed,

and was amended on June 30, 1994; October 6, 1995; December 5, 1995; March 13, 1997; June

17, 1998; and November 1, 2000, and then amended and restated on March 19, 2001.  Gustav

Sloboda was both settlor and trustee at all times from formation through restatement.

26.     The restated trust agreement noted that it was disinheriting four of five of Gustav

Sloboda's children, and that the fifth child, Ingrid Casler, and her issue, were the sole residual

beneficiaries of the trust.

27.     The restated trust agreement named Ingrid Casler as the successor trustee.

28.     The sole beneficiaries of Gustav Sloboda's will were Ingrid Casler, and the

Gustav Sloboda Trust, of which Ingrid Casler was the trustee, and all trust income, assets, and

shares were for the benefit of and distribution to Ingrid Casler, her children, and their issue.

29.     The last will and testament of Gustav Sloboda was admitted into the Richland

County Probate Court on December 20, 2001.

30.     The Richland County Probate Court  appointed Ingrid Casler as Executrix of the

Estate of Gustav Sloboda on December 20, 2001.

31.     On the Estate's schedule of assets, it listed various late-model work vehicles and

personal property that were valued at $6,724, as well as partial interests in the entities G.S.

Rentals, Ltd. f/k/a Gustav Sloboda Limited Partnership, Gustav Sloboda Investments, Ltd.,

Sloboda-Woodville, Ltd., and Woodville Investments, Ltd. f/k/a Sloboda Family Limited

Partnership (the "Sloboda Entities"), which entities collectively owned 60 parcels of real estate

per the schedule of assets dated May 31, 2002.  When the value of the Sloboda Entities' real

estate holdings was filed with the Richland County Probate Court on September 9, 2002, it

disclosed that the value of the Estate's partial interest in the Sloboda Entities was $1,030,993.00.

32.     Upon information and belief, the Sloboda Entities were nested within themselves,

meaning that certain entities had partnership or ownership interests in other entities as set forth in

paragraphs 11-23, above, and further that the remainder of the ownership and/or partnership

interests that were not held by Gustav Sloboda at the time of his death or by one of the other

Sloboda Entities, was held by Ingrid Casler.

33.     On January 13, 2006, Ingrid Casler, as Executrix, reported that the Estate has

made its final distributions to various creditors, and that the remainder of the Estate property and

assets had been distributed to Ingrid Casler.

34.     On February 18, 2006, the Richland County Probate Court made an entry

approving and settling the estate account and marking the Estate as fully administered and

discharging Ingrid Casler as Executrix.

35.     Ingrid Casler is the general partner, and/or manager, and/or limited partner, and/or

successor trustee, of the Sloboda Entities.

## The Subject Properties

36.     The Estate of Gustav Sloboda, and/or Ingrid Casler, through the Sloboda Entities,

holds title to two real properties located in Richland County (the "Subject Properties").

37.     The first parcel of real property is located at 2288-2290 Vivian Avenue,

Mansfield, Ohio ("2288 Vivian Property"), and is legally described in a deed dated September

6

20, 1991, and recorded with the Richland County Recorder at Volume 127, Page 318-326, as:

> Situated in the Village of Ontario, County of Richland, and State of Ohio:
>
> And being a part of the Southeast Quarter of Section 23, Township 21 North, Range 19 West, more particularly described as follows: Commencing at an iron pin found marking the southeast corner of Lot#298 in said Village (plat reference: volume 18, page 110); thence South 88 degrees 35' 00" East with the northerly line of Vivian Drive, a distance of 118.89 feet to an iron pin set, the place of beginning; thence North 1 degree 25' 00" east a distance of 122.63 feet to an iron pin set; thence South 85 degrees 08' 00" East a distance of 126.64 feet to an iron pin found on the west line of a 0.445 of an acre parcel currently owned by Page (deed reference: volume 638 page 254), thence South 5 degrees 06' 20" West Page's west line, and the west line of a 0.39 of an acre parcel also currently owned by Page (deed reference: volume 772, page 226), a distance of 115.25 feet to an iron pin found on the northerly line of Vivian Drive, thence North 88 degrees 35' 00" West with said northerly line, a distance of 119.00 feet to the place of beginning, containing 0.335 of an acre, according to survey by Douglas C. Seller, Registered Surveyor #6869 on April 30, 1990.  Subject to a utility easement over the westerly ten feet of the aforedescribed 0.335 of an acre parcel.
>
> Prior Deed Reference: Volume 89, Page 721
>
> Permanent Parcel No. 038-60-139-02-002

38.     The second parcel of real property is located at 2292-2294 Vivian Avenue, Mansfield, Ohio ("2292 Vivian Property"), and is legally described in a deed dated September 20, 1991, and recorded with the Richland County Recorder at Volume 127, Page 318-326, as:

> Situated in the Village of Ontario, County of Richland, and State of Ohio:
>
> And being a part of the Southeast Quarter of Section 23, Township 21 North, Range 19 West, more particularly described as follows: Beginning for the same as an iron pin found marking the southeast corner of Lot#298 of the consecutively numbered lots in said Village (plat reference: volume 18, page 110); thence North 0 degrees 57' 00" East with the east line of said lot, a distance of 99.80 feet to an iron pin found marking the northeast corner of said lot; thence South 85 degrees 08' 00" East with the south line of a 0.177 of an acre parcel currently owned by Burrage (deed reference: volume 896, page 799), a distance of 75.00 feet to an

iron pin found marking Burrage's southeast corner; thence North 3 degrees 55' 00" East with Burrage's east line a distance of 30.00 feet to an iron pin found; thence South 85 degrees 08' 00" East a distance of 43.61 feet to an iron pin set, thence South 1 degree 25' 00" West a distance of 122.63 feet to an iron pin set on the northerly line of Vivian Drive, thence North 88 degrees 35' 00" West with said northerly line, a distance of 118.89 feet to a place of beginning, containing 0.294 of an acre, according to survey by Douglas C. Seller, Registered Surveyor #6869 on April 30, 1990. Subject to a utility easement over the easterly ten feet of the aforedescribed 0.294 of an acre parcel.

Prior deed reference: Volume 89, Page 721

Permanent Parcel No.: 038-60-139-02-005

39.     On or before September 20, 1991, Gustav Sloboda acquired the Subject Properties.  On November 22, 1991, at Volume 127, Pages 318-326 in the Richland County land records, a quit claim deed dated September 20, 1991, was recorded, transferring any interest of Gustav Sloboda, also known as Gus Sloboda, a married man, in the Subject Properties and in other parcels of real property, to Gustav Sloboda and Anna Sloboda as Co-Trustees of the Gustav Sloboda Revocable Living Trust dated the 20th day of September 1991.

40.     On July 25, 1995, Anna Sloboda died.

41.     The Gustav Sloboda Revocable Living Trust became the 100% owner of the Subject Properties, directly owning 50% through its right of survivorship to Anna Sloboda's interest as Trustee in the Subject Properties and owning the remaining 50% through the direct grant from Gustav Sloboda in September 1991.

42.     On December 28, 1995, at Volume 406, Page 754-756, a deed dated December 27, 1995 was recorded in Richland County, wherein Gustav Sloboda, as trustee of the Gustav Sloboda Revocable Living Trust, transferred the trust's 100% interest in the Subject Properties to the Sloboda Family Limited Partnership (as it was then known).

43.     On December 22, 1997, at Volume 559, Pages 564-570, a deed dated November

20, 1997 was recorded in Richland County, where Gustav Sloboda, as Trustee of the Gustav Sloboda Revocable Living Trust, purportedly transferred the trust's 100% interest in the Subject Properties to the Gustav Sloboda Limited Partnership.

44.    The November 20, 1997 transfer of the Subject Properties to the Gustav Sloboda Limited Partnership was a legal nullity, since the Gustav Sloboda Revocable Living Trust had already transferred a 100% interest in the Subject Properties (acquired through its right of survivorship to Anna Sloboda's 50% interest in the Subject Properties, and its own 50% interest in the Subject Properties by direct grant from Gustav Sloboda) to the Sloboda Family Limited Partnership (as it was known at the time) via the December 27, 1995 deed, meaning there was no interest in the Subject Properties remaining in 1997 that the Trust could have transferred to the Gustav Sloboda Limited Partnership, now known as GS Rentals, Ltd.

45.    The United States alleges that Woodville Investments, Ltd. f/k/a Sloboda Family Limited Partnership, and not GS Rentals, Ltd. f/k/a Gustav Sloboda Limited Partnership, is the true record title holder by operation of the December 27, 1995 deed.

46.    Upon information and belief, Ingrid Casler is the sole remaining member and manager of Woodville Investments, Ltd. f/k/a Sloboda Family Limited Partnership.  Even if the Subject Properties are not owned by this entity, Ingrid Casler owns, directly or indirectly, all interests in the Subject Properties via her controlling interests in the Sloboda Entities.

### The Sloboda Estate Tax and 26 U.S.C. § 6166 Election

47.    On August 12, 2002, the Internal Revenue Service received a Form 706 (United States Estate (and Generation-Skipping Transfer) Tax Return) signed by a tax return preparer and Ingrid Casler, in her capacity as Executrix for the Estate of Gustav Sloboda.

48.    On the Return, Ingrid Casler reported a total gross estate valued at $1,304,184 as of the date of Gustav Sloboda's death.  The majority of the estate's value, $1,029,743,

9

represented Sloboda's interests in four entities: Sloboda-Woodville Ltd., GS Rentals, Ltd.,

Woodville Investments, Ltd., and Gustav Sloboda Investments Ltd.

49.    On the Return, Ingrid Casler reported a total estate tax liability of $328,910, and

she included a payment of $55,980.48 with the return.

50.    On line 3 of Part III of the Return, Ingrid Casler timely elected to defer payment

of the balance of the Sloboda Estate Tax in accordance with 26 U.S.C. § 6166.

51.    Under 26 U.S.C § 6166(a), the executor of an estate "may elect to pay part of all

of the [estate] tax . . . in 2 or more (but not exceeding 10) equal payments" when more than 35

percent of the adjusted gross estate is made up of the value of the decedent's interest in a closely

held business.  The executor also may wait to make the first installment payment of the tax until

5 years after the initial deadline to pay, although interest must be paid annually.  26 U.S.C.

§§ 6166(a)(3), (f).

52.    In a letter dated August 9, 2002 that she sent the IRS with the Form 706, Ingrid

Casler clarified her § 6166 election by explaining that she elected to pay the remaining Sloboda

Estate Tax balance in ten equal yearly payments of $27,292.96, with the first payment due five

years after the return deadline, or on August 11, 2007.

53.    Based on the filed Form 706, on September 16, 2002, the IRS assessed the Gustav

Sloboda Estate $328,910 in estate taxes.

54.    Following an examination of the Form 706, the IRS proposed adjusting the return

to increase the estate tax owed by $23,222, based on an increase in the size of the taxable estate

by $60,163, from $1,195,146 to $1,255,309.  On December 21, 2004, Ingrid Casler consented in

writing to the assessment of this additional estate tax, plus any interest provided by law.  On

March 21, 2005, the IRS assessed this additional $23,222 in estate tax.

55.    Around the same time in December 2004, as set forth below, the United States

and Ingrid Casler reached an agreement (the "§ 6166 Agreement") to secure payment of the

Sloboda Estate Tax by giving the United States a lien, pursuant to 26 U.S.C. § 6324A, against

certain specific assets (the "§ 6324A Lien").

56.     On December 16, 2004, Ingrid Casler provided the IRS with the legal description

of the Subject Properties and noted that "these are the properties that will secure the lien with the

Internal Revenue Service."

57.     On December 21, 2004, in addition to consenting to the assessment of additional

estate tax, Ingrid Casler's letter to the IRS also submitted a signed agreement consenting to the

creation of an "Internal Revenue Code Lien."

58.     The United States' § 6324A Lien attaches to the Subject Properties described in

paragraphs 37 and 38, above.

59.     The IRS properly recorded Form 668-J, Notice of Federal Estate Tax Lien Under

Internal Revenue Laws, against the Subject Properties on June 8, 2007, with the Richland

County Recorder at Book 1763, Pages 392-393.  In the portion of the form describing the

property to which the lien attached, the 668-J incorporated an attached exhibit, which provided

the legal descriptions for the Subject Properties which was the same format as had been included

in Ingrid Casler's December 16, 2004, letter to the IRS.

### Default of the § 6166 Agreement

60.     In August 2007 and August 2008, Ingrid Casler made the first two tax principal

payments required by her § 6166 election, as well as the required interest payments.  Up until

that time, Casler also had made the required annual interest payments for the preceding years.

61.     In 2009, Ingrid Casler made the required annual interest payment ($4,829.10) but

failed to make the tax principal payment required by the § 6166 Agreement.  However, on

January 4, 2010, Casler obtained an extension of time to pay the August 2009 § 6166 tax

principal payment, until August 11, 2010.

62.    In 2010, Ingrid Casler made the required annual interest payment of $6,055.03.

63.    On August 8, 2010, the IRS received a Form 4768 (Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes)) from Ingrid Casler, requesting another year-long extension of the deadline to make the August 2009 § 6166 tax principal installment payment, until August 11, 2011 (rather than August 11, 2010).

64.    On October 12, 2010, the IRS sent Ingrid Casler a letter approving a six-month extension, until February 11, 2011, to make the August 2009 § 6166 tax principal installment payment.

65.    On or about June 1, 2011, Ingrid Casler sent the IRS a follow-up letter to her initial Form 4768 providing additional information in order to obtain an extension until August 11, 2011, to make the August 2009 § 6166 tax principal installment payment.

66.    On August 8, 2011, the IRS sent Ingrid Casler a letter approving another six-month extension, until August 11, 2011, to make the August 2009 § 6166 tax principal installment payment.

67.    On or about September 15, 2011, Ingrid Casler sent the IRS another Form 4768, requesting an extension to pay the August 2009 § 6166 tax principal installment payment on August 11, 2012 (rather than August 11, 2011).

68.    On October 13, 2011, the IRS sent Ingrid Casler a letter denying her request for an extension to pay as untimely.

69.    On October 18, 2011, Ingrid Casler appealed the denial to the IRS Independent Office of Appeals, and IRS Appeals acknowledged receipt of Casler's appeal on November 4, 2011.

70.    On November 7, 2011, IRS Appeals notified Ingrid Casler that it had set the

initial appeals conference with her and her representative for January 31, 2012.

71.     On January 11, and February 1, 2012, Ingrid Casler sent additional information to IRS Appeals for their consideration of the appeal of the denial of Casler's request for an extension of time to pay the Sloboda Estate Tax.

72.     IRS Appeals ultimately affirmed the denial of the extension of time to pay.

73.     On October 26, 2012, the IRS entered the default of the installment agreement on the tax account and sent a statutory notice of balance due for the full remaining tax and interest (the first such notice since 2002 before the § 6166 Agreement was entered).

74.     Pursuant to 26 U.S.C. § 6166(g)(3)(A), the entire unpaid balance of the Estate's deferred liability for estate tax became due upon the October 26, 2012, notice and demand from the IRS.

75.     On May 22, 2015, the IRS sent Ingrid Casler a Letter 3174, cautioning her that the Estate of Sloboda still had unpaid taxes and that she needed to pay the outstanding amount owed to avoid collection action.

76.     As of July 29, 2022, there have been no payments toward the estate tax liability since the IRS received an interest payment of $7,145.64 on September 23, 2011.  Ingrid Casler failed to make the § 6166 tax principal payment due in August 2011 (which originally had been due in August 2009) and has consistently failed to make either tax principal or interest payments since 2011.

## Count I: Claim to Reduce Estate Tax Liability to Judgment

77.     The United States incorporates by reference paragraphs 1 through 7, and 47-76, as if specifically realleged herein.

78.     Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C.

§ 6502(a)(1) because the statute of limitations was tolled pursuant to 26 U.S.C. § 6503(d) with respect to the Sloboda Estate Tax, due to the ten-year extension of time for payment granted under 26 U.S.C. § 6166.

79.     After accounting for any abatements, payments, and credits, the Sloboda Estate Tax liability has a balance due of $541,708.62 as of July 29, 2022.  This balance includes assessed and accrued late-payment penalties under 26 U.S.C. § 6651 and statutory interest through the aforementioned date.  Statutory additions, where applicable, continue to accrue.

80.     The IRS gave the defendants Estate of Gustav Sloboda, and Ingrid Casler, notice of its outstanding federal estate tax liability set forth in paragraphs 74 and 75, above, and demanded payment from the Estate.

81.     Despite proper notice and demand, the defendants Estate of Gustav Sloboda, and Ingrid Casler, have failed, neglected, or refused to pay the full estate tax liability, and the Estate remains liable to the United States for estate taxes and interest in the amount of $541,708.62, plus statutory additions and interest accruing from and after July 29, 2022.

**Count II: Claim to Enforce § 6324A Lien Against the Estate's Interest(s) in the Properties**

82.     The United States incorporates by reference paragraphs 1 through 76 as if specifically realleged herein.

83.     Woodville Investments, Ltd. f/k/a the Sloboda Family Limited Partnership holds title to the Subject Properties.

84.     In the alternative, GS Rentals, Ltd. f/k/a Gustav Sloboda Limited Partnership holds title to the Subject properties.

85.     Any other person or entity that may have acquired an interest in the Subject Properties after the §6324A lien agreement was signed on December 21, 2004, acquired the interest subject to the §6324A lien and their interest is subsequently junior to the United States'

interest in the Subject Properties.

86.     The United States is entitled to enforce the § 6324A lien s against the Subject

Properties described in paragraphs 37 and 38, above, pursuant to 26 U.S.C. § 7403, and to have

the Subject Properties sold in a judicial sale (including by a receiver appointed under §7402(a)

who is authorized to sell the Subject Properties by judicial sale under § 7403(c)-(d) if requested

by the United States), free and clear of all rights, titles, or interests of the parties, including any

rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale,

including any expenses incurred to secure and maintain the Subject Properties; second, to pay

any real estate taxes due and owing to the Richland County Auditor which are entitled to priority

under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the Sloboda Estate Tax liability

described above, except to the extent that the Court determines that another party has a superior

right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A.     Judgment against the defendants Estate of Gustav Sloboda and Ingrid Casler in

her capacity as Executrix of the Estate of Gustav Sloboda, for unpaid federal estate tax liabilities

in the amount of $541,708.62 as of July 29, 2022, plus statutory additions and interest accruing

from and after July 29, 2022;

B.     A determination that the United States has valid and subsisting Federal Tax Lien

under 26 U.S.C. § 6324A securing the liability described in paragraph A on the Subject

Properties;

C.     An order enforcing the Federal Tax Lien securing the liabilities described in

paragraph A pursuant to 26 U.S.C. § 7403 against the Subject Properties by ordering the sale of

the entireties of the Subject Properties in a judicial sale (including by a receiver if requested by

the United States pursuant to 26 U.S.C. §§ 7402(a) and 7403(c)-(d)), free and clear of all rights,

15

titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Subject Properties; second, to the defendant Richland County Auditor, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

     D.     Award the United States of America its costs in the action, and such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ

*/s/ Samantha S. Lieb*
SAMANTHA S. LIEB
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-5218 (Nuñez)
202-616-2901 (Lieb)
202-514-5238 (fax)
Jeffrey.N.Nunez@usdoj.gov
Samantha.Lieb@usdoj.gov

16